# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI L. BLANCHET, | ) 1:10-cv-01057 GSA |
| | ) |
| | ) |
| | ) **ORDER REGARDING PLAINTIFF'S** |
| Plaintiff, | ) **SOCIAL SECURITY COMPLAINT** |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## BACKGROUND

Plaintiff Kelli L. Blanchet ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 8 & 9.)

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff protectively filed an application for disability insurance benefits and supplemental security income benefits in March 2007, alleging disability beginning February 1, 2007. AR 121-129. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 83-96. ALJ Stephen W. Webster held a hearing on July 17, 2009, and issued an order denying benefits on October 27, 2009, finding Plaintiff was not disabled. AR 9-16. On March 25, 2010, the Appeals Council denied review. AR 1-3.

**Hearing Testimony**

ALJ Webster held a hearing on July 17, 2009, in Fresno, California. Plaintiff appeared and testified; she was represented by attorney Melissa Proudian. Vocational Expert ("VE") Thomas Dachelet also testified. AR 17-44.

Plaintiff resides in Fresno, California. AR 20-21. She was born May 18, 1968, and currently weighs 220 pounds and stands five foot two inches tall. AR 21. Plaintiff lives with her husband and seventeen year old child. AR 21-22. She is currently receiving food stamps and a welfare benefit of approximately $25 a month. AR 26.

Because she has never had a driver's license, Plaintiff uses public transportation or depends upon her husband for a ride. AR 22. Plaintiff did not receive a diploma for graduating high school nor did she earn a GED. AR 24.

Plaintiff can take care of her personal grooming needs like bathing and dressing. AR 22. She does cooking and "light cleaning." Plaintiff also does the laundry, however, she does not carry the laundry "wherever it needs to go." AR 22.

For perhaps two to three hours a day, Plaintiff watches televison. AR 22. She reads about thirty minutes before going to sleep at night in an effort to relax. AR 22-23. When asked how long she might spend on a computer during the day, Plaintiff indicated that she was currently enrolled in a program to become an office assistant and thus was at school for about six

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

hours a day.  AR 23.  She attends "Caesar Terrace" school.  AR 24.  The majority of her time spent in class is spent on a computer.  AR 23; *see also* AR 25.  When asked whether she enjoys any hobbies, Plaintiff indicated that she enjoys making arts and crafts items with beads and flowers.  AR 23.

Plaintiff is able to attend church and go out to visit family and friends, and "[o]nce in a blue moon" she will go to a movie.  AR 23-24.

In 2001 and 2003, Plaintiff worked full time as a waitress.  On average she would lift between ten and fifteen pounds at a time.  AR 31-32.  Prior to that, Plaintiff worked with disabled adults as a certified nursing assistant.  The heaviest weight she lifted in that position was about 100 pounds.  AR 32-33.  After becoming disabled in February 2007, Plaintiff did try to work at a "training shop" for about three hours a day.  However, after learning of her disability, she was told that she could not work there without a doctor's note.  AR 25-26.

Plaintiff is treated by Dr. Carlos Cordova for her ailments, including left shoulder, back and pelvis injuries, Bell's palsy, and depression and anxiety.  AR 26-27.  She sees the doctor about every three months and is on medications to control the pain.  The medications allow her to "move around" and help "some days."  AR 27.  Dr. Cordova prescribed a cane and she uses it at all times.  AR 28.  The cane helps with walking and balance.  AR 41.

When asked how long she could sit, Plaintiff indicated she could sit for approximately thirty to forty-five minutes.  AR 27.  She can stand for about fifteen to twenty minutes.  AR 27-28.  Plaintiff stated that she cannot lift more than ten pounds because she cannot maintain a hold on a weight greater than that.  AR 28.

As a result of abuse, Plaintiff suffers from anxiety.  She gets scared and nervous easily.  She does not like heights, yelling or loud noises.  AR 28-29.  Plaintiff also suffers from depression and described feeling sad and frustrated because of the pain and her inability to work.  AR 29.  Plaintiff is a recovered alcoholic and drug addict, and has been clean and sober for eight years.  She attends Alcoholics Anonymous meetings three to four times a week.  AR 30.

When she was asked whether regular breaks are taken while she is attending classes, Plaintiff indicated the morning and afternoon breaks are fifteen minutes, and the lunch break is

thirty minutes.  In addition, she takes two or three extra breaks - after every thirty to forty-five minutes - because she feels pain after sitting for any longer period.  During that time, she is not sitting at a computer or participating, rather she is up and walking.  AR 34.  She also has difficulty concentrating as a result of medication.  Plaintiff estimated that she could maintain concentration for about forty-five minutes before needing a break.  AR 34-35.

When she gets home from school, Plaintiff rests for about an hour and a half.  She is tired from "sitting in the pain."  She props her legs up on pillows to avoid muscle spasms in her back and legs.  AR 37.

Plaintiff testified that her pain was caused by a car accident "a long time ago."  Plaintiff's shoulder was "shattered" as was her "pelvic bone" when it hit the gearshift.  She was hospitalized for a month and underwent extensive physical therapy.  AR 35-36.  She can reach overhead, as if to get something out of a cupboard, or reach her arm out in front of her, but it causes pain.  AR 36.  She does not bend or squat because it is hard to get back up.  She cannot walk on uneven surfaces without tripping.  AR 36.  Walking up a flight of stairs also causes pain.  AR 37.  Plaintiff also suffers from headaches.  AR 38.

VE Thomas Dachelet was asked to consider a hypothetical worker of Plaintiff's age, education and work history, who could lift twenty pounds on occasion and ten pounds frequently with the ability to sit, stand or walk for six hours in an eight-hour workday.  However, the worker could only occasionally stoop, crouch, crawl and kneel, could not perform any overhead lifting on the dominant left arm, and was limited to simple routine and repetitive work.  AR 39.  The VE indicated such an individual could not perform Plaintiff's past relevant work.  However, the individual could perform sedentary, unskilled work and a significant portion of the world of light work, recognizing the overhead reaching limitation.  AR 39.

The VE could not identify specific job titles that would be eliminated as a result of the limitations identified, but felt comfortable estimating that fifty percent of the light work would be eliminated.  AR 39-40.  In consideration thereof, the VE identified the representative title of

bagger, DOT[3] 920.687-018, with about 30,369 jobs in California. AR 40. Another example offered was garment sorter, DOT 222.687-014, 32,499 positions. AR 40. Next, the VE identified the title of grader, DOT 529.665-010, and 19,918 such positions. AR 40. The VE indicated his testimony conformed to the DOT, excepting the fifty percent reduction identified. AR 40-41.

Next, in a second hypothetical, the VE was asked to assume the same factors as indicated previously, however, the individual also requires the assistance of a cane. The VE indicated such an individual could perform sedentary, unskilled work. Here, the VE identified the following positions that such a hypothetical individual could perform: ampoule sealer, DOT 559.687-014, with 1,859 positions; loader - semiconductor dies, DOT 726.687-030, with 5,200 positions; and weight tester, DOT 539.485-010, and 1,731 positions. AR 41-42. The VE indicated his testimony conformed to the DOT. AR 42.

Finally, in a third hypothetical, the VE was asked to assume the same factors as those present in the first and second hypothetical questions, and the additional limitation that the worker required two to three extra rest breaks during the work day. AR 42. VE Dachelet testified that such an individual could neither perform Plaintiff's past relevant work nor any other work. AR 42-43.

**Medical Record**

The entire medical record was reviewed by the Court. AR 212-308. The medical evidence will be referenced below if necessary in this Court's decision.

**ALJ's Findings**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 9-16.

More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2007. AR 11. Further, the ALJ identified the following severe impairments: injuries to the left shoulder, back and pelvis; degenerative disc disease; obesity; and

---

[3] "DOT" refers t the Dictionary of Occupational Titles.

1  depression. AR 11. Nonetheless, the ALJ determined that the severity of the Plaintiff's
2  impairments do not, individually or in combination, meet or exceed any of the listed
3  impairments. AR 12.
4      Based on his review of the entire record, the ALJ determined that Plaintiff has the
5  residual functional capacity ("RFC") to lift twenty pounds occasionally and ten pounds
6  frequently; sit, stand and/or walk for six hours in an eight-hour workday; occasionally stoop,
7  crouch, crawl and kneel; but is precluded from all overhead work with the dominant left upper
8  extremity, and is further limited to simple routine and repetitive work. AR 12-15.
9      Next, the ALJ determined that Plaintiff could not perform her past relevant work. AR 15.
10 Nevertheless, based upon Plaintiff's age, education, work experience and RFC, the ALJ
11 determined there were jobs that existed in significant numbers in the regional economy that
12 Plaintiff could perform. Specifically, the ALJ found Plaintiff could perform the work of a
13 bagger, garment sorter or grader. AR 15-16.

## SCOPE OF REVIEW

15     Congress has provided a limited scope of judicial review of the Commissioner's decision
16 to deny benefits under the Act. In reviewing findings of fact with respect to such determinations,
17 this Court must determine whether the decision of the Commissioner is supported by substantial
18 evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla,"
19 *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v.*
20 *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a
21 reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at
22 401. The record as a whole must be considered, weighing both the evidence that supports and
23 the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993,
24 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must
25 apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).
26 This Court must uphold the Commissioner's determination that the claimant is not disabled if the
27 Secretary applied the proper legal standards, and if the Commissioner's findings are supported by
28

1  substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th
2  Cir. 1987).

### REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process.  20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).  Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of her disability; (2) has an impairment or a combination of impairments that is considered "severe" based on the requirements in the Regulations (20 CFR §§ 416.920(b)); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) was unable to perform her past relevant work; yet (5) retained the RFC to perform other jobs that exist in significant numbers in the national economy.  AR 9-16.

Here, Plaintiff argues that the ALJ's findings are not supported by substantial evidence and are not free of legal error because the positions identified by the VE - grader, bagger and garment sorter - preclude overhead reaching, and require more than occasional stooping, crouching, crawling and kneeling.  Thus, Plaintiff argues the findings do not comport with the ALJ's RFC. (Doc. 12 at 5-14.)

**DISCUSSION**

    A.    *Step Five Determination*

At step five, the ALJ considers whether the impairment prevents the claimant from performing his or her past work, and determines whether the claimant can engage in other types of substantial gainful work that exist in the national economy. 20 C.F.R. §§ 404.1520(f) & 416.920(f).

Plaintiff first argues that the ALJ improperly relied upon the VE's testimony regarding the position of grader, DOT 529.665-010, because the position requires a frequent ability to stoop, kneel and crouch. (Doc. 12 at 6.) Plaintiff complains that because the ALJ offered no explanation of how an individual limited to occasional stooping, crouching and kneeling, could perform the duties of a grader, the ALJ committed legal error. (Doc. 12 at 6-7.) Further, Plaintiff contends there is a "conflict and deviation between the DOT" and the VE's testimony, and the ALJ failed to elicit a reason for this conflict. (Doc. 12 at 7-10.) Plaintiff similarly argues that due to the ALJ's finding that Plaintiff was precluded from overhead work, the bagger and garment sorter positions are unavailable to Plaintiff as both require reaching overhead frequently. (Doc. 12 at 10-14. ) The Commissioner contends the ALJ's findings are supported by substantial evidence and are free of legal error. (Doc. 13 at 4-6.)

Here, ALJ Webster determined that Plaintiff had the RFC to lift twenty pounds occasionally and ten pounds frequently, sit, stand and/or walk for six hours in an eight-hour workday, and occasionally stoop, crouch, crawl and kneel. However, he also determined that Plaintiff was precluded from all overhead work with the dominant left upper extremity, and that she was further limited to simple routine and repetitive work. AR 12-15.

Significantly, the Court notes that Plaintiff has failed to explain why, even assuming arguendo the ALJ's findings at step five regarding light work were erroneous, reversal is required in this case. Plaintiff ignores the VE's testimony that the entire world of *sedentary work* is available to an individual such as Plaintiff, having already considered the preclusion of overhead lifting on the dominant left arm, as well as the occasional ability to stoop, crouch, crawl and kneel. *See* AR 39 ("All of what are the sedentary unskilled" jobs are available), AR 41-42

(sedentary jobs available such as ampoule sealer, loader - semiconductor dies, and weight tester). This oversight is critical.

Title 20 of the Code of Federal Regulations section 404.1567(a) defines sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Because Plaintiff's RFC properly encompasses the entire world of sedentary work, the ALJ's findings - assuming without deciding error occurred regarding the VE's testimony and the light work positions identified - should be upheld.  In other words, the error, if any, is harmless regarding the RFC as it relates to Plaintiff's ability to perform light work because the entire world of sedentary work remains open to her.  Moreover, Plaintiff has not challenged the RFC or ALJ Webster's other findings in any way.  Harmless error applies in the Social Security context. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless" [citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1990)]).  Any such error is harmless because the finding regarding light work is not essential to the final disability determination. *See, e.g., Aichele v. Astrue*, 2010 WL 1849009 *10 (E.D. Wash. April 30, 2010); *Reams v. Astrue*, 2010 WL 1270172 *3 (E.D.N.Y. Mar. 31, 2010); *Jones v. Astrue*, 2010 WL 2326261 *10, n.1 (D.R.I. Feb. 19, 2010).

Notably too, the VE testified that only about fifty percent of the light work world would be precluded by Plaintiff's limitations under the first hypothetical.  AR 39-40.  The VE explained that the three positions he identified were "representative" only because it would be difficult to "state which jobs, even job titles, [would] be limited."  AR 39-40.

Finally, Plaintiff has not argued that she could not perform sedentary work, or that the entire world of sedentary work fails to meet the minimum number of jobs necessary to constitute a significant number within the meaning of the Social Security Act. *Barker v. Secretary of*

1 *Health & Human Servs.*, 882 F.2d 1474, 1478 (9th Cir. 1989); *see also Moncada v. Chater,* 60 F.3d 521, 524 (9th Cir. 1995); *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986).

### **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security and against Plaintiff, Kelli L. Blanchet.


IT IS SO ORDERED.

Dated:  **June 20, 2011**             /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE